THE HONORABLE JOHN C. COUGHENOUR

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

UNITED STATES OF AMERICA,

CASE NO. CR15-0383-JCC

10

               Plaintiff,

ORDER

11

   v.

12

LORENZO V. MOLINA, JR.,

13

               Defendant.

14

15      This matter comes before the Court on the United States Probation and Pretrial Services

16  Office's ("Probation Office") request for early termination of Defendant's supervised release

17  (Dkt. No. 33). Having thoroughly considered the request, the Government's opposition, and the

18  balance of the record, the Court hereby DENIES the Probation Office's request for the reasons

19  explained herein.

20      In 2015, Defendant pleaded guilty to one count of bank fraud. (Dkt. Nos. 3, 6, 10.) The

21  Court imposed 18 months of imprisonment followed by five years of supervised release. (Dkt.

22  Nos. 20, 27.) In August 2017, Defendant was released from prison and began serving his term of

23  supervised release, which is scheduled to end on August 22, 2022. (Dkt. No. 33.)

24      The Probation Office recommends that the Court terminate the balance of Defendant's

25  supervised release based on its determination that Defendant "has derived the maximum benefit

26  from supervision and does not appear to presently pose a risk to the community." (*Id.* at 2.) The

ORDER
CR15-0383-JCC
PAGE - 1

Government opposes, pointing out that the instant offense was Defendant's second fraud crime (which he committed while on supervision for a 2010 fraud conviction), that he struggled during the first year of supervised release, and that there are no new or unforeseen circumstances which would justify early termination. (Dkt. No. 32 at 3–5.) The Government also points out that Defendant's obligations under supervised release are minimal, except for travel restrictions, which the Government does not oppose modifying. (*Id.* at 5.)

A court may terminate a term of supervised release at any time after the expiration of one year of supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. §§ 3564(c), 3583(e). In deciding whether early termination is appropriate, the Court must consider several factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need to deter criminal conduct, the need to protect the public from further crimes, and the need to avoid disparity among similarly situated defendants. 18 U.S.C. § 3583(e) (citing to factors listed by 18 U.S.C. § 3553(a)); *see also United States v. Emmett*, 749 F.3d 817, 820 (9th Cir. 2014). Early termination of supervised release should be granted only "[o]ccasionally" when "changed circumstances—for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release—will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997); *see also United States v. Miller*, 205 F.3d 1098, 1101 (9th Cir. 2000).

After careful consideration of the 18 U.S.C. § 3583(e) factors, the Court finds that early termination is not warranted. The nature and circumstances of Defendant's offense were serious. Particularly troubling is Defendant's history of criminal fraudulent acts, which suggests he remains a danger to others. The Court further notes that Defendant's recent compliance with the conditions of supervision, including regular employment, are expected milestones that do not render continued supervision no longer appropriate. *See, e.g.*, *United States v. Grossi*, 2011 WL

704364, slip op. at 2 (N.D. Cal. 2011) (finding that "[m]ere compliance with the terms of supervised release is what is expected, and without more, is insufficient to justify early termination"). Finally, the Court finds that Defendant's remaining term of supervision will continue to provide a legitimate disincentive to resume any criminal behavior and remains suitably tailored to the offense conduct. *See United States v. Saine*, Case No. CR13-0256-KDE, Dkt. No. 44 at 2). In summary, terminating supervised release now would not adequately reflect the seriousness of the offense, deter criminal conduct, or protect the public from future crimes.

For the foregoing reasons, the Court DENIES the Probation Office's request for early termination (Dkt. No. 33).

DATED this 10th day of March 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
CR15-0383-JCC
PAGE - 3